IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-cv-00167-BO-RN

| | | |
|---|---|---|
| SHANA VOID,<br><br>Plaintiff,<br><br>v.<br><br>NKT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter comes before the Court on defendant's motion to dismiss for failure to state a claim. [DE 10]. Plaintiff has responded in opposition [DE 15] and defendant has replied [DE 17]. Plaintiff has also moved for leave to amend the complaint, [DE 16], to which defendant has responded [DE 17] and the time for reply has elapsed. In this posture, the motions are ripe for disposition. For the following reasons, plaintiff's motion for leave to amend the complaint is granted, and defendant's motion to dismiss is treated as against the amended complaint and granted in part.

## I. BACKGROUND

Plaintiff Shana Void ("Void") is proceeding pro se and filed this action against her former employer, NKT, Inc. ("NKT"). In the complaint, Void alleges that, after she complained of discrimination and harassment to her supervisor, NKT subjected her to heightened scrutiny, hostility, the reversal of previously approved remote-work arrangements, fabricated or exaggerated performance concerns, and a lack of transparency concerning her complaint. [DE 1]. She alleges that these actions continued until NKT terminated her on July 30, 2025. *Id.* Void seeks damages, back pay and lost wages, emotional distress damages, reinstatement or front pay, costs, and other relief that the Court deems appropriate. *Id.*

NKT moved under Rule 12(b)(6) to dismiss Void's discrimination, harassment, and hostile-work-environment claims and alternatively moved under Rule 12(e) for a more definite statement. [DE 10]. Void filed a memorandum opposing the motion and sought leave to amend her original complaint. [DE 16]. NKT filed a reply to its motion to dismiss and response in opposition to Void's motion to amend. [DE 17].

In her proposed amended complaint, Void adds additional factual allegations, including that she is a Black female over the age of forty and that a coworker insulted her and directed racial slurs at her. [DE 16-1]. She alleges that white colleagues were given greater flexibility regarding remote work and were not subjected to similar criticism or discipline. *Id.* She further alleges that she reported discrimination, harassment, workplace-safety concerns, and hostile treatment to company management and the Equal Employment Opportunity Commission, but that NKT failed to take effective corrective action. *Id.* She alleges that NKT terminated based on the pretext of her improper attendance and/or remote-work violations, but that its stated reasons were inconsistent with prior approvals, workplace practices, and the treatment of white co-workers. *Id.*

## II. STANDARD OF REVIEW

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24

F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to '"discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

**III. ANALYSIS**

**A. Leave to Amend**

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend their pleading once as a matter of course within twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After this time period has expired, amendments under Rule 15(a)(2) are allowed only with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

Void filed a document captioned both as a response in opposition to the motion to dismiss and as an amended complaint on May 13, 2026, within the twenty-one day period for filing an amended complaint as of right. [DE 16-1]. The Court deems this document Void's amended complaint and her motion to amend [DE 16] is therefore granted.

**B. The Court Treats the Motion to Dismiss as Against the Amended Complaint**

An amended complaint replaces and supersedes the original complaint so that the original is of no effect. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017). When a motion to dismiss had been directed at the original complaint, and the original complaint is no longer in effect, the motion to dismiss may be deemed moot. Not every amended complaint, however, renders a motion to dismiss moot merely because the motion predated the amendment.

> The Court may—but is not required to—deny as moot a motion to dismiss filed before an amended complaint. "If some of the defects raised in the original motion remain in the new pleading, the court . . . may consider the motion [to dismiss] as being addressed to the amended pleading." Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990).

*Scott v. Nuvelle Fin. Servs., LLC*, No. CIV. WDQ-09-3110, 2010 WL 1710151, *3 (D. Md. Apr. 23, 2010). Where, as here, the amended complaint is subject to criticism on the same grounds as the original, the Court may construe a motion to dismiss the original complaint as against the amended complaint. This is especially true when the movants have reviewed the proposed amended complaint and opposed it on futility grounds. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (proposed amendments are futile if they "could not withstand a motion to dismiss"). As NKT argues that the proposed amendments to the complaint fail to cure the defects present in the original complaint, it has already stated the grounds on which it would move to dismiss the amended complaint if it were effective. Therefore, because NKT's futility argument in opposition to amendment supplements its motion to dismiss, and in the interest of judicial

economy, the Court construes the motions to dismiss as against the amended complaint. *See Walls v. Pitt Cnty. Bd. of Educ.*, No. 4:16-CV-195-BO, 2017 WL 151591, at *2 (E.D.N.C. Jan. 13, 2017).

**C. Title VII Discrimination**

Void's amended complaint states a plausible claim for discrimination under Title VII. "The elements of a prima facie case of race discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Wright v. Hertford Cty. Bd. of Educ.*, No. 2:23-CV-30-D, 2024 U.S. Dist. LEXIS 3911 (E.D.N.C. Jan. 8, 2024) *25 (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)). To state a Title VII discrimination claim, a plaintiff must plausibly allege facts that support a reasonable inference that the defendant took adverse employment action because of a protected characteristic. *See, e.g., McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585–87 (4th Cir. 2015). A plaintiff does not need to establish a prima facie case at the motion-to-dismiss stage, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002), but she must allege sufficient facts to provide a clear understanding of the nature of the alleged discrimination and to connect the adverse employment action to a protected characteristic. *McCleary-Evans*, 780 F.3d at 585.

The amended complaint contains additional allegations regarding Void's race, alleged racial profiling, alleged racial slurs, and examples of how white coworkers were treated differently from plaintiff. [DE 16-1]. Void alleges that a coworker threatened and harassed her, directed racial slurs toward her, and that white coworkers received greater flexibility in attendance and remote-work arrangements. *Id.* Void further alleges that NKT subjected her to disparate treatment, heightened scrutiny, and unsupported disciplinary actions. *Id.*

Void's allegations are sufficient to nudge her race discrimination claim across the line from conceivable to plausible. *Twombly*, 550 U.S.at 570. The motion to dismiss this claim is denied.

**D. Title VII Hostile Work Environment**

Void's hostile-work-environment claim will, however, be dismissed. To state a hostile-work-environment claim under Title VII, a plaintiff must plausibly allege "(1) unwelcome conduct, (2) based on her race [or another protected status], that was (3) severe or pervasive enough to make her work environment hostile or abusive and (4) imputable to . . . her employer." *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020) (citation omitted). Void's amended complaint alleges that a coworker threatened and harassed her and directed racial slurs toward her. She also alleges monitoring, targeting, differential treatment, hostility, intimidation, and retaliation. However, she does not provide sufficient facts regarding timing, frequency, participants, or the circumstances of the alleged conduct. Void therefore fails to allege facts that would show that her workplace was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (en banc) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Void's Title VII hostile-work-environment claim is dismissed.

**E. Harassment**

To the extent Void asserted harassment as a separate cause of action in her original complaint, she has abandoned it in her amended complaint.

**G. Title VII Retaliation**

NKT did not move to dismiss Void's retaliation claim. [DE 11, p. 2, n. 2]. The retaliation claim will therefore proceed.

### H. Motion for a More Definite Statement

NKT moved in the alternative for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) allows a party to move for a more definite statement when a pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). Because the Court has allowed Void's motion to amend, NKT's alternative request for a more definite statement is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend [DE 16] is GRANTED. The clerk is DIRECTED to file the proposed amended complaint [DE 16-1] as of the date of entry of this order. Defendant's motion to dismiss [DE 10] is treated as against the amended complaint and is GRANTED IN PART and DENIED IN PART. Plaintiff's hostile work environment claim is DISMISSED. All other claims will proceed. Defendant's request for a more definite statement is DENIED AS MOOT.

SO ORDERED, this 12 day of August 2026.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE